[Cite as *State v. Hoffman*, 2014-Ohio-893.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130410 |
| | | TRIAL NO. B-1203286 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| DONNA HOFFMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  March 12, 2014

*Lyons & Lyons Co., L.P.A.*, *Robert H. Lyons* and *Erin G. Rosen*, for Defendant-Appellant.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

Please note:  this case has been removed from the accelerated calendar.

SYLVIA SIEVE HENDON, Judge.

{¶1}    Defendant-appellant Donna Hoffman appeals the judgment of the Hamilton County Court of Common Pleas convicting her of two counts of attempted child endangering for conduct that resulted in serious injuries to a two-year-old child in her care.  Because we determine that the two counts were allied offenses of similar import that were committed neither separately nor with a separate animus, we vacate the sentences imposed and remand for resentencing on one of the two counts.

{¶2}    Hoffman was indicted for felonious assault in violation of R.C. 2903.11(A)(1), child endangering in violation of R.C. 2919.22(A), and child endangering in violation of R.C. 2919.22(B)(1).  Each of the counts alleged that Hoffman had caused serious physical harm to A.C., a minor child.

{¶3}    In exchange for the state's dismissal of the felonious-assault count and its reduction of the remaining counts, Hoffman entered guilty pleas to two counts of attempted child endangering, felonies of the fourth and fifth degree.  The trial court imposed consecutive prison terms of 18 months and 12 months.

{¶4}    In her first assignment of error, Hoffman argues that the trial court erred by failing to merge her convictions because they were allied offenses of similar import under R.C. 2941.25, Ohio's multiple-count statute.  She contends that both of the offenses involved the same incident of abuse and the same animus, so the court could not impose separate sentences.

{¶5}    In deciding whether allied offenses merge at sentencing pursuant to R.C. 2941.25, a court must consider the statutory elements of each offense in the context of the defendant's conduct.  *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 20.  The court must review the entire record, including information presented at sentencing, to determine whether multiple offenses were committed separately or with a separate animus.  *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d.

661, syllabus. We review the trial court's R.C. 2941.25 determination de novo. *Williams* at ¶ 1.

{¶6} In this case, Hoffman pleaded guilty to two counts of attempted child endangering, under R.C. 2923.02(A), 2919.22(B)(1) and 2919.22(A). R.C. 2919.22(B)(1) provides that no person shall abuse a child under eighteen years of age. R.C. 2919.22(A) provides that:

> No person, who is the parent, guardian, custodian, person having custody
>
> or control, or person in loco parentis of a child under eighteen years of age
>
> * * *, shall create a substantial risk to the health or safety of the child, by
>
> violating a duty of care, protection, or support.

Both offenses can be committed by the same conduct, and in this case, nothing in the record indicates that the offenses were committed by separate conduct.

{¶7} The state alleged in its bill of particulars that "on or about February 7, 2012 at 12078 Pippin Road, [Hoffman] caused A.C. to suffer a displaced skull fracture and recklessly created a substantial risk to the health and safety of the child and abused said child."

{¶8} By way of a victim-impact statement, A.C.'s mother relayed to the court that Hoffman had been her child's daycare provider. On the date of the offense, Hoffman had called her to state that A.C. had fallen outside on the concrete and had injured her mouth. Hoffman told her that A.C. had a "drunken look" and was vomiting blood.

{¶9} In addition, an investigator for Hamilton County Department of Job and Family Services reported to the court that Hoffman had initially told medical personnel that, after hearing a "crash and bang," she had found A.C. lying on her back on a linoleum kitchen floor with her hand over her bleeding mouth. Hoffman claimed that A.C. had run into a wooden door.

{¶10} Despite the contradictory statements by Hoffman to the child's mother and to medical personnel about how the abuse had happened, nothing in the record indicates that more than one act of abuse occurred. Because the state relied upon the same conduct to

3

support the two offenses and nothing in the record reflects that the offenses were committed separately or with a separate animus, the trial court erred by imposing multiple sentences for the offenses. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31. Consequently, the offenses should have been merged under R.C. 2941.25. We sustain the first assignment of error.

{¶11} In her second assignment of error, Hoffman argues that the trial court erred by imposing consecutive sentences because it should have merged the convictions for sentencing. Our resolution of the first assignment of error renders this assignment of error moot. *See* App.R. 12(A)(1)(c).

{¶12} In her third assignment of error, Hoffman argues that the court erred by imposing a prison sentence without indicating its consideration of the purposes and principles of felony sentencing set forth in R.C. 2929.11 and 2929.12. Although under *State v. Brown*, 1st Dist. Hamilton No. C-120327, 2013-Ohio-2720, ¶ 46, we can presume that the court properly considered the appropriate statutory factors, given our resolution of the first assignment of error, this assignment of error is moot.

{¶13} We, therefore, vacate the sentences and remand this cause for resentencing on one count of attempted child endangering in accordance with the state's election. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraphs one and two of the syllabus. In all other respects, we affirm the trial court's judgment.

Judgment affirmed in part, sentences vacated in part, and cause remanded.

**CUNNINGHAM, P.J.,** and **HILDEBRANDT, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.