[Cite as *State v. Michael*, 2014-Ohio-125.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-436 |
| | | (C.P.C. No. 12CR-5497) |
| Devante L. Michael, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

_____

# D E C I S I O N

## Rendered on January 16, 2014

_____

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

_____

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, Devante L. Michael ("appellant"), is appealing from the judgment and sentences imposed following his convictions for aggravated robbery and felonious assault. He assigns three errors for our consideration:

**First Assignment of Error:** The lower court erred in failing to merge Appellant's aggravated robbery and felonious assault convictions at sentencing in violation of R.C. § 2941.25(A), the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.

**Second Assignment of Error:** The lower court's Judgment Entry imposed a sentence different from the one announced

in open court in violation of Rule 43(A) of the Rules of Criminal Procedure, the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution.

**Third Assignment of Error:** The trial court's sentence was contrary to law in violation of R.C. § 2953.08(A)(4) when it imposed consecutive sentences relative to the aggravated robbery and felonious assault counts without making the required findings under R.C. § 2929.14(C)(4).

{¶ 2} Appellant was originally charged with more counts of robbery and entered guilty pleas to a single count of robbery with a firearm specification and a single count of felonious assault with a firearm specification as part of a plea bargain. The voluntariness of those guilty pleas is not being contested on appeal, only the resulting sentences.

{¶ 3} The sentence was imposed following a sentencing hearing. The trial court judge who imposed the sentence was inclined to impose a 20-year sentence of incarceration. Initially, the judge ordered a sentence of 6 years on the firearm specifications and 14 years on the underlying felonies, reflecting 3 years and 3 years consecutive to each other for firearm specifications and 7 years consecutive to a separate 7 year sentence on the underlying felonies.

{¶ 4} Counsel for the state of Ohio and the defendant told the judge that the sentences for the firearm specifications could not be served consecutively since there was a single victim and essentially a single incident. The trial court accepted this information and imposed a 3 year sentence for the firearm specifications but increased the sentence for aggravated robbery from 7 to 10 years. Since the sentences for the felonies and the sentences for the firearm specifications were to be served consecutively, the sentence again totaled 20 years of incarceration.

{¶ 5} When signing the sentencing entry, the trial court journalized the first sentence announced in open court, not the sentences announced

after the trial court judge was told the first sentence announced was not a legal sentence. This appeal ensued.

{¶ 6} The victim of the aggravated robbery was shot and spent over two months in the hospital after the shooting. He is permanently harmed and has had his ability to pursue his livelihood as a mechanic impaired. The trial court judge was well within his discretion to order consecutive sentences for felonious assault and aggravated robbery. However, the trial court had to impose sentences which complied with the applicable provisions of the Ohio Revised Code and journalize the sentence announced in open court.

{¶ 7} The trial court judge accurately found that under the facts of this case the offenses of aggravated robbery and felonious assault were not allied offenses of similar import under R.C. 2941.25 which reads:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 8} Aggravated robbery includes the committing of a theft offense while armed with a deadly weapon. Felonious assault is either knowingly doing physical harm with a deadly weapon or knowingly doing serious physical harm to another. Appellant was guilty of felonious assault under either theory.

{¶ 9} The state of Ohio has conceded that the trial court judge made a mistake in journalizing a sentence which is not consistent with the sentence announced in open court. Thus, the state of Ohio has admitted an error which requires a new sentencing hearing and a new journalization of the sentence ordered.

{¶ 10} Appellate counsel for the state of Ohio now argues that trial counsel for the state was wrong to assert that the two firearm specification sentences must be served concurrently. Appellate counsel argues that recent changes in the pertinent statutes makes consecutive sentences on the firearm specification mandatory. On appeal, the state of Ohio relies on R.C. 2929.14(B)(1)(g) which reads:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶ 11} R.C. 2929.14 specifies that the sentences for firearm specifications must be imposed. This is a matter for the trial court judge to address at the new sentencing hearing.

{¶ 12} Turning to the actual assignments of error individually, the first assignment of error is overruled. The dominant animus for aggravated robbery is theft. The dominant animus for felonious assault is the doing of physical harm. Because the animus for each is separate, R.C. 2941.25 does not apply to require merger.

{¶ 13} The state of Ohio has confessed error as to the second assignment of error. That assignment of error is sustained.

{¶ 14} The third assignment of error is rendered moot by our ruling on the second assignment of error. We do not know what specific findings the trial court judge will make if the judge again orders consecutive sentences to the enforced.

{¶ 15} As a result of the foregoing, the judgment of the Franklin County Court of Common Pleas is vacated. The case is remanded to the trial court for a new sentencing hearing and the imposition of sentences of incarceration following that hearing.

*Judgment vacated and remanded for*
*new sentencing.*

BROWN and KLATT, JJ., concur.

———————