[Cite as *State v. Cartwright*, 2015-Ohio-5165.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26150 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CR-1937 |
| v. | : | |
| | : | (Criminal Appeal from |
| MICHAEL CARTWRIGHT, III | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 11th day of December, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., by CHRISTINA E. MAHY, Atty. Reg. No. 0092671, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, Post Office Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Michael Cartwright, III, appeals from his conviction and

sentence for two counts of Aggravated Robbery, both with firearm specifications. Cartwright contends that the trial court erred by failing to merge the two offenses for Aggravated Robbery,[1] and by failing to make the necessary findings required to impose consecutive sentences. We conclude that since the trial court erred in not merging the two Aggravated Robbery offenses, the issue regarding the imposition of consecutive sentences is now moot. Based on the merger error, the sentence will be Reversed, and this cause will be Remanded for resentencing. The judgment is affirmed in all other respects.

## I. Cartwright's Attempt to Steal a Car Led to Aggravated Robbery and Felonious Assault Convictions

{¶ 2} Cartwright traveled to Huber Heights, by bus, with his cousin, Tkara Weaver, to visit her friend, Carly Weese. They spent most of the day together at Weese's house watching television. Before they left the house, Cartwright complained about having to take the bus because his car was "messed up." They left the house about 10:30 P.M. and went to a convenience store to get change for the bus. Then they walked toward the bus stop by cutting across the parking lot of the Danbarry Movie Theater. As they walked across the parking lot, Cartwright made a remark about stealing a car, but the girls thought he was joking. Cartwright fell behind as the girls walked ahead, until they heard a gunshot. Both of the girls saw a car speed off, and saw Cartwright run past them carrying a gun. When Weese heard the gunshot, she turned around and saw Cartwright, holding

---

[1] Each Felonious Assault conviction was merged into an Aggravated Robbery conviction for sentencing purposes.

his arm extended with a black object in his hand, and she saw the window of the car shattered. Both Weese and Weaver testified that as Cartwright ran past them he stated, "I shot her."

{¶ 3} The victim was employed at the Danbarry Movie Theater as the concession manager. As she was leaving the theater, with a bag of cash that she intended to deposit at a bank, she saw Cartwright suspiciously walking around the parking lot, weaving in and out between cars. As she put her car in reverse, she saw Cartwright approach her, pull out a gun and tap on the window. She quickly pulled the car out of the parking spot and turned right, so that Cartwright was then on the passenger side of her car. The victim clearly saw Cartwright's face as he pointed and shot the gun at her, shattering the passenger window. She testified that Cartwright looked angry, and she was terrified. With a bullet lodged in her abdomen, she called 9-1-1, reported the crime, and was able to drive to a nearby police station, where she was helped by officers until an ambulance arrived to transport her to Miami Valley Hospital. She underwent emergency surgery; the bullet had passed through her liver, colon, large intestine, small intestine and pancreas. She was in the hospital for a month and in a rehabilitation center for another month. A second surgery was later performed to reconnect the colon and small intestines, and a third surgery was required to remove the colostomy bag. She was unable to walk for two months, and when she returned home she was physically unable to care for her three small children for approximately four months. She was unable to return to work for seven months. At trial, the victim identified Cartwright as the person who shot her.

## II. The Course of Proceedings

**{¶ 4}** Following a jury trial, Cartwright was convicted of two counts of Aggravated Robbery and two counts of Felonious Assault, all with firearm specifications. At sentencing, the trial court merged the Felonious Assault (deadly weapon) conviction into the Aggravated Robbery (deadly weapon) conviction and the Felonious Assault (serious physical harm) conviction into the Aggravated Robbery (serious physical harm) conviction. Cartwright was sentenced to serve nine years of imprisonment for each Aggravated Robbery conviction, and three years for the firearm specification. The two felony convictions and the gun specification were all ordered to be served consecutively, for a total of 21 years of imprisonment. At the sentencing hearing, the trial court addressed the decision to order consecutive sentences as follows:

> The Court has reviewed the written victim impact statement in this case, as well, as well as the State's sentencing memoranda. * * * I have reviewed a letter received from Mr. Cartwright.[2] And in imposing sentence, I have the following comments which reflect some of the considerations that I've made in determining what I believe to be the appropriate sentence.
>
> The Defendant in this matter is 19 years old and he has no criminal record; however, his youth in no way excuses or mitigates the conduct which led to his conviction by a jury in this case.
>
> During the pre-sentence investigation, Mr. Cartwright commented on the reasons for this incident saying and I'm quoting, I guess it was because I had alcohol in my system and felt like I wanted to do something I had never

---

[2] No letter was made part of the record, or included in the PSI report.

done before; having the weapon on me made me feel like I could get what I want when I wanted it.

This was an absolutely brazen act on Mr. Cartwright's part. He confronted a total stranger with a gun and when that stranger tried to flee, he shot her. But for a matter of centimeters, a young mother would be dead. She received a gunshot wound to her abdomen with the bullet piercing through her pancreas, liver and part of the small and large intestine.

As it is, she experienced life-saving surgeries and now suffers the terrible inconvenience and absolute indignity of a colostomy bag which will require further surgery in order to remove the bag.

The victim was ultimately hospitalized for three months.

Ohio Revised Code Section 2929.12 states that it is an aggravating factor when the victim suffered serious physical, psychological or economic harm as a result of the offense. We certainly had that in this case.

Sentencing Transcript, pgs. 7-9.

{¶ 5} At the sentencing hearing, to support consecutive sentences the trial court stated as follows:

As it relates to the consecutive sentences, the Court finds specifically that consecutive sentences are necessary to protect the public from future crime. Consecutive sentence is not disproportionate to the seriousness of Mr. Cartwright's conduct and to the danger that he poses to the public and in this matter, at least two of the multiple offenses were committed as part of one or more course of conduct and the harm caused by two or more of

the multiple offenses was so great and unusual that no single prison term can adequately reflect the seriousness of Mr. Cartwright's conduct. The Court makes those as specific findings as part of the sentence.

Sentencing Transcript, pgs. 9-10.

{¶ 6} In the sentencing judgment entry, the trial court neither incorporates nor recites any facts or findings to support the imposition of consecutive sentences, and makes no reference to whether it considered the pre-sentence investigation or any facts or circumstances related to the defendant or the offense. However, the pre-sentence investigation report does reveal that Cartwright has no criminal history and no recidivism factors.

{¶ 7} Concerning merger, the trial court stated as follows:

THE COURT: We're here in Case Number 2013-CR-1937 for sentencing. This case proceeded to trial before a jury and the Defendant was found guilty of all four counts and related specifications as follows. Count I, aggravated robbery involving a deadly weapon; Count II, aggravated robbery involving serious physical harm; Count III, felonious assault involving serious harm; Count IV, felonious assault involving a deadly weapon.

Mr. Cartwright was convicted of a three-year firearm specification on each of those four counts.

In relation to those convictions, there is a merger for sentencing purposes which the Court has determined as follows. As the State concedes in its sentencing memorandum, the four firearm specifications

merge into one three-year firearm specification.

The two counts of felonious assault merge with the two counts of aggravated robbery for sentencing purposes.

As to the two counts of aggravated robbery, Counts I and II, the Court finds that after brandishing the handgun in an attempt to steal the victim's car, the victim attempted to drive away and then the Defendant shot her. I believe this shooting, which was done to steal the car, was the product of a separate animus. Accordingly, Counts I and II do not merge for purposes of sentencing.

Shawn, is there anything that you would like to say on behalf of Mr. Cartwright?

MR. HOOKS: A few things, Your Honor. First, just for the record, we would object to that finding that the agg robberies do not merge. Our argument would be that they were all the course of the same conduct, brandishing and firing the firearm. One course of conduct with the same animus.

THE COURT: I appreciate the argument and in the face of the argument so our record is clear, the Court rejects the argument.

MR. HOOKS: Understood.

Sentencing Transcript, pgs. 2-3.

{¶ 8} From the judgment of conviction, Cartwright has appealed. We note that Cartwright's appointed counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that she could find no

meritorious issues for appeal. Thereafter, we advised Mr. Cartwright that his counsel had filed an *Anders* brief and we granted him sixty days to file a pro se brief assigning any errors for review by this Court. Appellant then filed his pro se response and raised therein what he considered to be certain errors in the trial court proceedings. Upon review, we determined that no transcript of the sentencing hearing had been prepared or filed and that a transcript was necessary for us to review counsel's *Anders* brief. We thus ordered appellant's counsel to cause the transcript to be prepared and filed; we also ordered appellant's counsel to file (upon the transcript being filed) a supplemental brief either 1) raising any assignments of error concerning the sentencing hearing and/or appellant's sentence, or 2) advising the court that she could find no non-frivolous assignments of error to raise concerning the sentencing hearing and/or appellant's sentence. After the transcript was filed, appellant's counsel filed a supplemental brief raising the assignment of error and sentencing issues that we will consider herein. In that the supplemental brief presented a merits argument and no longer alleged that the appeal would be wholly frivolous, this case is no longer in an *Anders* posture. Accordingly, we will not address the alleged errors asserted in the appellant's pro se filing.

### III. Cartwright's Two Aggravated Robbery Convictions Should Have Merged for Sentencing Purposes

**{¶ 9}** Cartwright's only assignment of error states as follows:

THE SENTENCE IMPOSED BY THE TRIAL COURT WAS CONTRARY TO LAW.

{¶ 10} Cartwright argues that the sentence is contrary to law because the combined consecutive sentences exceed the maximum allowed for the most serious offense, and that the two counts for Aggravated Robbery should have merged for sentencing purposes. In response to the issue of consecutive sentences, the State argues that the record supports the findings necessary to impose consecutive sentences. On the merger issue, the State argues that Cartwright's course of conduct can be separated into his attempt to steal the car with the use of a firearm to threaten the victim, which constitutes Aggravated Robbery (deadly weapon), and his subsequent act of shooting the victim, which constitutes Aggravated Robbery (serious physical harm).

{¶ 11} The Supreme Court of Ohio has recently addressed the issue of merging offenses for the purposes of sentencing. *State v. Ruff,* 143 Ohio St. 3d 114, 2015-Ohio-995, 34 N.E.3d 892. The Court held "under R.C. 2941.25(B), a defendant charged with multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.* at ¶ 13. For the first factor, it was held that the trial court and the reviewing court must first look at the conduct of the defendant to determine whether two or more offenses of dissimilar import exist because the conduct involves separate victims or "if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23-25.

{¶ 12} In the case before us, only one victim was targeted and harmed by Cartwright's conduct. The record does not support a finding that the two Aggravated Robbery offenses were committed separately or with a separate animus, or that the harm

suffered by the victim from each robbery offense was separate and identifiable.   The conduct supporting Cartwright's conviction for Aggravated Robbery (deadly weapon) involved Cartwright's tapping his gun on the window of the car to threaten the victim, only seconds before the other offense. Once the shot was fired, the victim's fear of death and horrendous pain and suffering were consequences of the Aggravated Robbery (serious physical harm) offense.   Cartwright's threat to the victim by brandishing a gun and Cartwright's act of shooting the victim occurred within a span of mere seconds, as a single course of conduct. Therefore, we conclude that the trial court erred by failing to merge the two offenses of Aggravated Robbery.

{¶ 13}  We note that the record may have supported a lengthier sentence if the trial court had elected to merge the two offenses of Aggravated Robbery and the two offenses of Felonious Assault.   What could have been done was to merge the two forms of Aggravated Robbery with each other, *State v. Stone*, 8th Dist. Cuyahoga No. 92949, 2010-Ohio-3308, ¶ 26 (Aggravated Robbery (deadly weapon) and Aggravated Robbery (serious physical harm) involving same victim merge), and the two forms of the felonious assault with each other. *State v. Young*, 2d Dist., Montgomery No. 23642, 2011-Ohio-747 (twelve counts of felonious assault, two for each of six victims, merged into six where the shooting of each victim simultaneously caused harm with a deadly weapon and caused serious physical harm). Then, the issue would have been whether the remaining Aggravated Robbery merged with the remaining Felonious Assault.   *See, e.g.*, *State v. Michael*, 10th Dist. Franklin No. 13AP-436, 2014-Ohio-125, ¶ 12 ("The dominant animus for Aggravated Robbery is theft. The dominant animus for Felonious Assault is the doing of physical harm."). Because the State has not appealed or cross-appealed, our

jurisdiction has not been invoked to review whether the trial court erred by merging the Felonious Assault convictions into the Aggravated Robbery convictions.

{¶ 14} Since the two convictions for Aggravated Robbery should have merged for purposes of sentencing, the issue of whether the record supports consecutive sentences is now moot and need not be addressed. Cartwright's sole assignment of error is sustained.

## IV. Conclusion

{¶ 15} Cartwright's sole assignment of error having been sustained, the sentence of the trial court is Reversed, and this cause is Remanded with direction to the trial court to enter an amended termination entry, merging the two convictions for Aggravated Robbery, and entering a single sentence for the surviving count of Aggravated Robbery, to run consecutively to the sentence for the firearm specification, as required by R.C. 2929.14(C)(1)(a). The judgment is affirmed in all other respects.

. . . . . . . . . . . . .

DONOVAN, J., concurs.

HALL, J., concurring:

{¶ 16} I agree with the lead opinion. I write separately to acknowledge that the two forms of aggravated robbery may not always merge when they involve separate and distinct acts, when an adequate temporal distinction exists between the offenses, or when a distinct animus exists as to each offense. However, in my view, that is not the case here, and the two aggravated robberies merge. Accordingly, the trial court could not

impose separate sentences for each aggravated robbery, and the sentence for one of them must be vacated.

. . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Christina E. Mahy
Kirsten Knight
Michael Cartwright
Hon. Michael W. Krumholtz