[Cite as *State v. Michael*, 2016-Ohio-5716.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

       Plaintiff-Appellee,                    :

                                     No.  15AP-1113

v.                                               :          (C.P.C. No. 12CR-5497)

Devante L. Michael,                              :          (REGULAR CALENDAR)

       Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on September 8, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellee. **Argued:** *Valerie B. Swanson.*

**On brief:** *Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellant. **Argued:** *Timothy E. Pierce.*

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1}  Defendant-appellant, Devante L. Michael, appeals a final judgment of the Franklin County Court of Common Pleas issued on November 25, 2015, sentencing him to serve a total of 20 years in prison for his participation in a robbery and a shooting. Because we find that the trial court did not err in determining that the offenses involved separate animuses and as a consequence did not err in refusing to merge them, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  On October 25, 2012, a grand jury indicted Michael for one count of aggravated robbery, two counts of robbery, and one count of felonious assault, all counts including gun specifications.  He pled not guilty four days later.  However, on March 27,

No. 15AP-1113

2013, on an agreement with the prosecution, Michael pled guilty to aggravated robbery and felonious assault with associated gun specifications. The remaining two counts of robbery and related specifications were dismissed.

{¶ 3} During the plea hearing the prosecution delivered an oral summary of the underlying facts and the defense raised no exceptions to the summary. The summary ran thus:

> [T]his occurred on October 14th of 2012. Mr. Blevins, the victim of this offense, was walking in the area of 1179 East Main Street. He had noticed Mr. Michael and Mr. Pinkston were following him for a period of time, even walking past his residence because he didn't want to get cornered by the guys who were follow[ing] him.
>
> At some point Mr. Michael made his way in front of Mr. Blevins, he pulled out a blue steel revolver and ordered that Mr. Blevins give him everything that he has. Mr. Blevins stated that Mr. Pinkston was behind him. He pled with Mr. Michael saying, no, no. And then at that point Mr. Michael informed him that, it was the real deal.
>
> Mr. Blevins being a CCW permit holder went to grab his firearm. At that point Mr. Michael did shoot him. He then turned around and shot Mr. Michael. And was able to turn to his rear and shoot Mr. Pinkston who was also shooting at him at that point.
>
> Both Mr. Michael and Mr. Pinkston ran to attempt to get some help for themselves, one to a cab and the other to a police substation. And they were arrested more or less at the scene.
>
> And as I noted before, Mr. Blevins is a mechanic by trade, he spent over two months in the hospital trying to recover from these things with over $180,000.00 of medical bills. And he now can't lift anything that's heavier than 40 pounds which makes it very difficult for him to earn any money in his area of knowledge and expertise.

(Mar. 27, 2013 Tr. at 19-21.)

{¶ 4} The trial court held a sentencing hearing approximately one month later, on April 25. During the hearing, the trial court first announced that it would sentence Michael to 7 years on both counts and 3 years on each specification, running each sentence consecutively to each other for a total of 20 years. However, counsel for both the

No. 15AP-1113

defense and prosecution expressed the view that the gun specifications could not be run consecutively to one another. At that point, the trial court indicated it would sentence Michael to 10 years for aggravated robbery, to be served consecutively to 7 years on the felonious assault count and 3 concurrent years on the two specifications for the same total, 20 years. However, when the trial court released its judgment entry, it memorialized the first-stated intention and sentenced Michael to 7 years on both counts and 3 years on each specification, each sentence running consecutively with the others.

{¶ 5} Michael timely appealed. Because "the trial court judge made a mistake in journalizing a sentence which [wa]s not consistent with the sentence announced in open court," this Court vacated the judgment entry and remanded for a new sentencing hearing. *State v. Michael*, 10th Dist. No. 13AP-436, 2014-Ohio-125, ¶ 9, 15. This Court also noted that the animuses for the offenses were separate and, therefore, that they should not have merged. Finally, this Court explained that R.C. 2929.14(B)(1)(g) specifies that where an offender is convicted of, inter alia, aggravated robbery and felonious assault, prison terms for the two most serious specifications " 'shall ' " be imposed and that they therefore " 'must be imposed.' " *Michael* at ¶ 10-11, quoting R.C. 2929.14(B)(1)(g).

{¶ 6} On remand, Michael filed a sentencing memorandum that requested the trial court merge the counts of aggravated robbery and felonious assault based on a Supreme Court of Ohio case that was released between this Court's decision in *Michael* and the date set for resentencing (arguing for merger based on *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995). After hearing argument on the subject at an oral resentencing hearing, the trial court declined to merge the offenses and indicated that it would once-again impose 10 years for aggravated robbery, to be served consecutively to 7 years on the felonious assault count and 3 concurrent years on the two specifications for a total term of imprisonment of 20 years. The trial court indicated that although running the firearm specifications concurrently might violate R.C. 2929(B)(1)(g), it would still run them concurrently because that was what the parties had agreed to and discussed during the plea hearing. The trial court memorialized the sentence in a judgment entry filed on November 25, 2015.

{¶ 7} Michael now appeals.

No. 15AP-1113

## II. ASSIGNMENT OF ERROR

{¶ 8} Michael posits a single assignment of error for review:

> The trial court erred in failing to merge the aggravated robbery and felonious assault convictions at sentencing in violation of R.C. 2941.25, the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.

## III. DISCUSSION

{¶ 9} The Ohio statute on allied offenses provides as follows:

> (A) Where the same conduct by [the] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25(A) and (B). This statute has been accorded numerous interpretations by the Supreme Court. *See, e.g.*, *State v. Logan*, 60 Ohio St.2d 126 (1979); *State v. Blankenship*, 38 Ohio St.3d 116 (1988); *State v. Rance*, 85 Ohio St.3d 632 (1999); *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625; *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶ 10} In its latest interpretation of R.C. 2941.25, the Supreme Court has held:

> 1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.
>
> 2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.
>
> 3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

No. 15AP-1113

*Ruff* at paragraphs one through three of the syllabus. The question of whether offenses are allied offenses of similar import is reviewed de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 26-28.

{¶ 11} Because it is dispositive, we consider animus first. "Animus" is not defined in the Ohio Revised Code. However, the Supreme Court has stated that " '[a]nimus' has been defined as '* * * purpose, intent, or motive.' " *Newark v. Vazirani*, 48 Ohio St.3d 81, 84 (1990), quoting *Blankenship* at 819 (Whiteside, J. concurring). Black's Law Dictionary also defines "animus" in relevant part as "[i]ntention." *Black's Law Dictionary* 107 (10th Ed.2014.)

{¶ 12} It is undisputed that Michael confronted Blevins, the victim, drew a revolver, and ordered Blevins to hand over all his belongings. At that point, it is apparent that Michael's "purpose, intent[ion], or motive" was to steal. *Vazirani* at 84; *Black's* at 107. Blevins pled with Michael who refused to yield in his demand, informing Blevins that the robbery was "the real deal." (Tr. at 20.) Perhaps realizing the futility of further pleading, Blevins attempted to draw his own gun; whereupon Michael shot him in the stomach. At the moment when Michael pulled the trigger, the reasonable inference is that his "purpose, intent[ion], or motive" was to hurt and injure Blevins—either to incapacitate him to prevent him from drawing his weapon or simply to punish him for resisting the robbery. *Vazirani* at 84; *Black's* at 107. In either case, the purpose to inflict injury is different from the motive to steal that brought him face to face with Blevins in the first place. Thus, the facts of the interaction show that the animuses were different for the offenses.

{¶ 13} "[A] defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the" three considerations set forth by *Ruff* is satisfied. *Ruff* at paragraph three of the syllabus. Because we have now found that the animuses were separate which satisfies the third consideration set forth by *Ruff*, we need not and shall not consider whether the offenses had dissimilar import or were committed separately.

{¶ 14} We previously reached the conclusion that the animuses were separate and that merger of the offenses was not required in *Michael* at ¶ 12. But because it was not essential to that decision (which was based on the fact that "the trial court judge made a mistake in journalizing a sentence which [wa]s not consistent with the sentence

announced in open court"), it was obiter dictum and need not have controlled the result here. *Id.* at ¶ 9. Although there is no indication that *Ruff* changed the analysis with regard to animus, we acknowledge that between the time of our prior decision in Michael's first appeal and Michael's resentencing post-appeal, the Supreme Court's decision in *Ruff* again modified the law required for analysis of merger. *See, e.g., State v. J.M.*, 10th Dist. No. 14AP-621, 2015-Ohio-5574, ¶ 47-48. We, therefore, apply current law on a second review of the question of merger, notwithstanding law of the case considerations, and we reach the same result.

{¶ 15} Michael's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 16} Because the factual circumstances in this case as recited by the prosecution and accepted by the defense show that the defendant held separate animuses (purpose, intent, or motive) during each offense, the trial court did not err in refusing to merge the offenses. We, therefore, affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and LUPER SCHUSTER, J., concur.