[Cite as *State v. Wesley*, 2017-Ohio-799.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 JE 0006 |
| VS. | ) | |
| | ) | OPINION |
| JEREK WESLEY | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Jefferson County, Ohio
Case No. 14 CR 140

JUDGMENT: Affirmed.

APPEARANCES:
For Plaintiff-Appellee

Attorney Jane Hanlin
Jefferson County Prosecutor
16001 State Route 7
Steubenville, Ohio 43952

For Defendant-Appellant

Attorney Timothy Young
Ohio Public Defender
Attorney Eric Hedrick
Asst. Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: March 6, 2017

DeGENARO, J.

{¶1} Defendant-Appellant, Jerek Wesley, appeals the trial court's judgment convicting him of multiple offenses and sentencing him accordingly. Wesley challenges the denial of his suppression motion, the trial court's decision to not merge his convictions and the effectiveness of his counsel. Because Wesley's arguments are meritless, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2} As a result of two separate incidents, Wesley was indicted on six counts of weapons while under disability, one count of improper handling of a firearm in a motor vehicle and one count of failure to comply. The trial court ultimately dismissed four of the weapons under disability counts as duplicative.

{¶3} The first incident occurred on September 15th. A Steubenville police officer observed Wesley, whom the officer knew had an active arrest warrant. After confirming the warrant, a high speed vehicle pursuit ensued. Wesley eventually stopped his vehicle, fled on foot, and escaped. Police were unable to apprehend him that evening. An operable, loaded 9mm Ruger firearm with one bullet in the chamber and an extended clip containing 20 additional rounds was found on the driver's side floorboard in the abandoned vehicle. Wesley's DNA was confirmed on the handle of the weapon. Wesley was indicted with multiple counts: weapons under disability, improper handling, and failure to comply.

{¶4} The second incident occurred on September 22nd. Authorities received information that Wesley was staying at the residence of his girlfriend, Jonaka Wallace. After executing an arrest warrant for Wesley, law enforcement searched his girlfriend's residence and discovered a firearm. As a result, Wesley was indicted with three counts of having a weapon under disability.

{¶5} Wesley filed a motion to suppress the evidence obtained during his arrest on September 22nd. At the hearing the State presented the testimony of U.S. Marshall Chad Simpson who testified that after Wesley was arrested he and a Steubenville Police detective spoke with Wallace. She informed the officers that she had recently moved to the residence and none of "Wesley's stuff was inside."

Thereafter he asked for consent to search the residence which Wallace gave. During that search authorities found multiple items belonging to Wesley; including an orange envelope with a marshal number on it containing Wesley's release paperwork and photographs of his child and family. Under the envelope was a Taurus Judge .45 pistol.

{¶6}     Wallace testified that Wesley is the father of her child, and she had moved into the residence days before the arrest warrant was executed.  She testified that this was the first time that Wesley had come to her house. She stated that she told law enforcement that they could not search the house because there was nothing in there. When asked again if she gave permission, she stated that she did not remember and that she has "blackouts" and mental health issues.

{¶7}     At the conclusion of the hearing, the trial court denied the motion to suppress, stating that he found Marshall Simpson's testimony regarding consent to be more credible; however, the judgment entry merely denied the motion to suppress without further elaboration. Wesley ultimately pled no contest to the weapons under disability count from the September 22nd incident and was found guilty. A jury trial was held on the charges from the September 15th vehicle pursuit: weapons under disability, improper handling and failure to comply. Wesley was convicted on these three counts. His request at the sentencing hearing to merge the weapons under disability and improper handling convictions from the September 15th incident was denied. The trial court imposed consecutive sentences for all four convictions resulting in an aggregate prison term of nine and a half years.

## Suppression

{¶8}     In his first of three assignments of error, Wesley asserts:

The trial court erred by failing to suppress the firearm obtained as a
result of an illegal search in violation of Mr. Wesley's rights under the
Fourth Amendment to the U.S Constitution and Article I, Section 14 of
the Ohio Constitution.

**{¶9}** "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. As the trial court is best positioned to evaluate witness credibility, an appellate court must uphold the findings of fact if they are supported by competent, credible evidence. *Id*. However, an appellate court must independently determine as a matter of law whether the trial court met the applicable legal standard. *Id*.

**{¶10}** Wesley argues that the trial court erred by denying his motion to suppress because the search which uncovered the firearm was conducted without a search warrant or valid consent. The State contends that Wallace gave unequivocal verbal consent to search the residence.

> Consent is a valid exception. *State v. Ludington* (Aug. 28, 2000), 7th Dist. No. 99-CO-13; *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854. "To rely on the consent exception of the warrant requirement, the state must show by 'clear and positive' evidence that the consent was 'freely and voluntarily' given." *State v. Posey* (1988), 40 Ohio St.3d 420, 427, 534 N.E.2d 61, quoting *Bumper v. North Carolina* (1968), 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797. Clear and positive evidence is not significantly different from clear and convincing evidence, which is the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. *State v. Ingram* (1992), 82 Ohio App.3d 341, 346, 612 N.E.2d 454. Whether the defendant gave consent voluntarily, as opposed to being coerced or placed under duress, is a question of fact to be determined by the totality of the circumstances. *Ludington,* 7th Dist. No. 99-CO-13; *Schneckloth,* 412 U.S. at 227.

*State v. Bell*, 7th Dist. No. 06MA189, 2008-Ohio-3959, ¶ 75.

**{¶11}** Thus, the State bears the burden of proving by clear and positive evidence that Wallace gave her consent to search her residence voluntarily without

coercion or duress.

{¶12} At the suppression hearing the State's witness, Marshall Simpson, testified that Wallace gave consent to search her residence. Wallace initially testified that she did not give consent, but then testified twice that she did not remember, was on medication and experiences blackouts. The trial court's judgment entry does not provide reasoning as to why Wesley's motion was denied. But at the end of the suppression hearing the trial court expressly discussed and assessed the witnesses' credibility, and found Marshall Simpson's testimony to be more credible regarding consent, and denied the motion.

{¶13} The trial court is in the best position to determine the credibility of the witnesses, and there is clear and positive evidence that Wallace gave consent voluntarily as contemplated by *Bell.* As such, a search warrant was not required and the trial court correctly denied the motion to suppress. Accordingly, Wallace's first assignment of error is meritless.

## Merger

{¶14} In his second of three assignments of error, Wesley asserts:

The trial court erred in violation of Mr. Wesley's rights under the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution, Article I, Section 10 of the Ohio Constitution, and R.C. 2941.25, when it failed to merge for sentencing offenses that had a similar import, arose from the same conduct, and were not committed separately or with a separate animus.

{¶15} Ohio's merger statute provides as follows: "Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.14. Appellate review of an alleged merger error is de novo. *State v. Williams,*

134 Ohio St.3d 482, 2012–Ohio–5699, 983 N.E.2d 1245, ¶ 28; *State v. Johnson*, 7th Dist. No. 12 MA 0137, 2014-Ohio-4253, ¶ 109.

{¶16} The Ohio Supreme Court defined the analytical framework to apply when determining whether offenses merge as allied offenses of similar import:

> Rather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result, because an offense may be committed in a variety of ways and the offenses committed may have different import. No bright-line rule can govern every situation.

> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance?; (2) Were they committed separately?; and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Ruff,* 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892 ¶ 30–31.

{¶17} Wesley argues his weapons under disability and improper handling of a firearm convictions arising from the September 15th police chase are allied offenses of similar import and should merge for sentencing purposes. The Second District recently addressed this issue:

> Here, Clark contends that the weapons-under-disability and improper-handling offenses are allied offenses of similar import because they were committed as one brief act, with one animus. But on facts similar to those here, we have held that these two offenses are committed with

different conduct, at different times, and with separate animuses. In *State v. Wilcox*, 2d Dist. Clark No. 2013–CA–94, 2014–Ohio–4954, we said that the defendant "committed the offense of having weapons while under disability when he (necessarily) acquired the gun before he got into the SUV." *Wilcox* at ¶ 20. And we said that the defendant "committed the improper-handling offense when he brought the gun into the SUV." *Id.* Given the time sequence of the separate acts in *Wilcox*, we concluded that the offenses did not merge. *   *   *

The facts here require the same conclusion as in *Wilcox*, though the sequence of acts here is in reverse order. Given that Clark was found guilty of the improper-handling offense, the jury must have concluded that he had the handgun while in the vehicle. That constituted the improper-handling offense. Thereafter, Clark also had possession of the weapon, under the disability, while he fled outside of the vehicle. This separate act and intent constituted the weapon-under-disability offense. The trial court was correct not to merge these two offenses.

*State v. Clark,* 2d Dist No. 2015-CA-23, 2016–Ohio–1560, ¶ 8-9

**{¶18}** Similar to *Wilcox* and *Clark,* merger of Wesley's convictions was not warranted because each charge involved different conduct, at different times and with a separate animus. The offense of having a weapon under disability occurred when Wesley acquired the Ruger pistol. The offense of improper handling occurred when Wesley knowingly transported the fully loaded and accessible Ruger in the vehicle he was operating which he later abandoned. Accordingly Wesley's second assignment of error is meritless.

### Ineffective Assistance of Counsel

**{¶19}** In his final of three assignments of error, Wesley asserts:

Trial counsel rendered ineffective assistance in violation of Mr. Wesley's rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.

**{¶20}** To prove an allegation of ineffective assistance of counsel, the defendant must satisfy a two-prong test; that counsel's performance has fallen below an objective standard of reasonable representation, and that he was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), at paragraph two of the syllabus. To demonstrate prejudice, the defendant must prove that, but for counsel's errors, the result of the trial would have been different. *Id.* at paragraph three of the syllabus. In Ohio, a properly licensed attorney is presumed to be competent and the burden is on the defendant to prove otherwise. *State v. Hamblin*, 37 Ohio St.3d 153, 155, 524 N.E.2d 476 (1988).

**{¶21}** Wesley argues that his trial counsel rendered ineffective assistance by failing to raise the issue of merger at sentencing; however, the record demonstrates trial counsel did raise the issue:

Having the weapon under disability and improperly handling a firearm in a motor vehicle, we have one criminal act. He's physically not allowed to have a gun and he's got the gun in a car. We're not talking about where he has a gun and he commits another weapons act. It's all out of the same acts, facts and transaction, so I think that we should treat this as coming out of all of the acts, facts and transaction.

**{¶22}** Wesley offers no other example of counsel's alleged ineffectiveness, and we held above that the trial court was correct in not merging these two counts. Accordingly, Wesley's third assignment of error is meritless.

**{¶23}** In sum, all of Wesley's assignments of error are meritless. The trial

court properly denied Wesley's motion to suppress, merger of his convictions were not warranted, and Wesley did not demonstrate that trial counsel was ineffective. Accordingly, the judgment of the trial court is affirmed.

Donofrio, P. J., concurs.

Waite, J., concurs.