[Cite as *State v. Beall*, 2019-Ohio-3581.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| PAUL W. BEALL | : | Case No. CT2018-0080 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

NUNC PRO TUNC

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                            Court of Common Pleas, Case No.
                            CR2018-0227

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            September 5, 2019

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

D. MICHAEL HADDOX                       JAMES A. ANZELMO
Prosecuting Attorney                    Anzelmo Law
Muskingum County, Ohio                  446 Howland Drive
                                        Gahanna, Ohio 43230
By: TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio  43702-0189

*Baldwin, J.*

{¶1} Defendant-appellant Paul Beall appeals his sentence from the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On April 26, 2018, the Muskingum County Grand Jury indicted appellant on one count of obstructing justice in violation of R.C. 2921.32(A)(2), a felony of the third degree, and one count of obstructing justice in violation of R.C. 2921.32(A)(5), also a felony of the third degree. At his arraignment on May 2, 2018, appellant entered a plea of not guilty to the charges.

{¶3} Thereafter, on July 20, 2018, appellant withdrew his former not guilty plea and entered a plea of guilty to both counts. As memorialized in an Entry filed on October 26, 2018, appellant was sentenced to twenty-four (24) months on each count after the trial court denied appellant's oral motion for merger of the two counts. The trial court ordered that the sentences be served consecutively, for an aggregate sentence of forty-eight (48) months in prison.

{¶4} Appellant now appeals, raising the following assignment of error on appeal:

{¶5} "I. THE TRIAL COURT ERRED BY FAILING TO MERGE BEALL'S OBSTRUCTING JUSTICE OFFENSES, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

I

{¶6} Appellant, in his sole assignment of error, argues that the trial court erred in failing to merge the two obstructing justice offenses. We disagree.

{¶7} R.C. 2941.25 governs multiple counts and states as follows:

**{¶8}** (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶9}** (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶10}** In *State v. Ruff,* 143 Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

**{¶11}** 1.  In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

**{¶12}** 2.  Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶13}** 3.  Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

**{¶14}** The *Ruff* court explained at ¶ 26:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶15}** The trial court's R.C. 2941.25 determination is subject to de novo review. *State v. Williams*, 134 Ohio St.3d 482, 2012–Ohio–5699, 983 N.E.2d 1245, ¶ 12.

**{¶16}** In the case sub judice, appellant was convicted of obstructing justice in violation of R.C. 2921.32(A)(2) and (A)(5). R.C. 2921.31 states, in relevant part, as follows:

**{¶17}** No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, and no person, with purpose to hinder the discovery, apprehension, prosecution, adjudication as a delinquent child, or disposition of a child for an act that if committed by an adult would be a crime or to assist a child to benefit from

the commission of an act that if committed by an adult would be a crime, shall do any of the following:…

{¶18} (2) Provide the other person or child with money, transportation, a weapon, a disguise, or other means of avoiding discovery or apprehension;…

{¶19} (5) Communicate false information to any person;

{¶20} The first obstructing justice offense occurred when appellant provided transportation to Harry Saxton and aided him in burning down a house where a murder had occurred in order to cover up the crime. As noted on the record at the July 20, 2018 hearing:

{¶21} MR. WELCH [Assistant Prosecuting Attorney]: Thank you, Your Honor.

On March 31st of 2018, a homicide occurred at 1848 Ridge Avenue involving a Ryan Adams and Kylee Lindell. During the course of this, numerous people were involved in helping to cover up a crime, amongst those was Mr. Beall, who was involved by providing transportation for an individual who was charged with - - or requested to set fire to the residence so that there would be no recoverable evidence.

He did so knowing that the - - an investigation was about to happen; that it was the result of a murder; that the Defendant also knew that Henry Saxton and/or Ryan Adams were involved in the commission of the aggravated murder and arson;…

Transcript of July 20, 2018 hearing at 10.

{¶22} The other count related to appellant lying and providing false information to police in order to impede the investigation of the murder. We concur with appellee that the two offenses were committed separately, at different times, caused separate and identifiable harms and were committed with a separate animus and motivation.

{¶23} Based on the foregoing, we find the trial court did not err in not merging the two obstructing justice offenses.

{¶24} Appellant's sole assignment of error is, therefore, overruled.

{¶25} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Delaney, P.J. and

Wise, Earle, J. concur.