[Cite as *State v. Kerestes*, 2019-Ohio-4142.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| KAREN MARIE KERESTES | : | Case No. 2019-CA-0031 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 2018-CR-0964


JUDGMENT:                     Sentence Vacated and Remanded


DATE OF JUDGMENT:             October 4, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH C. SNYDER                          RANDALL E. FRY
38 South Park Street                      10 West Newlon Place
Mansfield, OH  44902                      Mansfield, OH  44902

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Karen Marie Kerestes, appeals her April 3, 2019 sentence by the Court of Common Pleas of Richland County, Ohio.  Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On November 9, 2018, the Richland County Grand Jury indicted appellant on two counts of possession of heroin in violation of R.C. 2925.11.  On February 12, 2019, appellant pled guilty to both counts.  By sentencing entry filed April 3, 2019, the trial court sentenced appellant to twenty-seven months of community control.  In the event of a violation of community control, appellant would serve a twenty-four month prison term.

{¶ 3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 4}   "THE TRIAL COURT VIOLATED O.R.C. SECTION 2941.25(A) BY IMPOSING SENTENCES ON TWO ALLIED OFFENSES OF SIMILAR IMPORT."

I

{¶ 5}   In her sole assignment of error, appellant claims the trial court erred in imposing sentences on two allied offenses of similar import.  We agree.

{¶ 6}   R.C. 2941.25 governs multiple counts and states the following:


(A) Where the same conduct by defendant can be construed to

constitute two or more allied offenses of similar import, the indictment or

information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 7}   In *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶ 8}   The *Ruff* court explained the following at ¶ 25-26:

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed?  If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct.  The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import.

{¶ 9}   Our review of a trial court's R.C. 2941.25 determination is de novo.  *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

{¶ 10} Appellant was sentenced on two counts of possession of heroin in the fifth degree.  Felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months" in prison.  R.C. 2929.14(A)(5).  By sentencing entry filed April 3, 2019,

the trial court sentenced appellant to twenty-seven months of community control, with a twenty-four month prison term in the event of a violation.

{¶ 11} Possession of heroin is defined in R.C. 2925.11(A) as: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

{¶ 12} During the sentencing hearing, defense counsel argued the two offenses were allied offenses of similar import because appellant did not have a separate animus for each possession. T. at 3. When appellant was pulled over, a subsequent search of her vehicle disclosed heroin in two different containers. *Id.* As a result, she was indicted on two separate counts. Defense counsel argued the two containers held "the same kind of contraband, so there isn't any kind of separate offense in separate sections of the statute. They were all a part of being in her car. So she didn't do anything separately to possess these." *Id.* The state argued there were two separate bags of heroin, each containing different amounts, found in two locations in the vehicle, one in between the middle console and the driver's seat and the other in her purse; therefore, the state argued there was a separate animus for each possession. T. at 4. The trial court sentenced appellant without comment on the allied offenses argument. *Id.*

{¶ 13} This court has held that the simultaneous possession of two different types of controlled substances can constitute two separate offenses. *State v. Morgan,* 5th Dist. Richland No. 18CA121, 2019-Ohio-2785. In the case sub judice, the two possessions were of the same controlled substance (heroin) in the same location (appellant's vehicle). The limited evidence before this court does not indicate that the offenses were committed separately or with a separate animus. Given the facts of this case, we find appellant's

conduct in simultaneously possessing the heroin in one location was a continuous, inseparable act. *See State v. Daboni,* 4th Dist. Meigs Nos. 18CA4 and 18CA5, 2018-Ohio-4155, ¶ 54.

{¶ 14} Upon review, we find the two counts of possession of drugs are allied offenses of similar import, and the trial court erred in failing to merge the two counts for sentencing.

{¶ 15} The sole assignment of error is granted.

{¶ 16} The sentence of the Court of Common Pleas of Richland County, Ohio is hereby vacated, and the matter is remanded to said court for resentencing consistent with this opinion.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/db