[Cite as *State v. Blackburn*, 2021-Ohio-4040.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 20CA8 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| v. | : | |
| Shawn Blackburn, | : | |
| Defendant-Appellant. | : | **RELEASED 11/12/2021** |

_____
<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Dave Yost, Ohio Attorney General, and Andrea K. Boyd, Special Prosecuting Attorney and Assistant Attorney General, Columbus, Ohio, for appellee.
_____
Hess, J.

{¶1}     Shawn Blackburn appeals from a judgment of the Jackson County Court of Common Pleas resentencing him following a remand from this Court.  In his sole assignment of error, Blackburn contends that the trial court erred when it failed to merge for sentencing purposes the offenses of kidnapping in violation of R.C. 2905.01(A)(5) and obstructing official business in violation of R.C. 2921.31(A).  However, he failed in his burden to establish that R.C. 2941.25 prohibits multiple punishments for those offenses.  Accordingly, we overrule his assignment of error and affirm the trial court's judgment.

I.  FACTS AND PROCEDURAL HISTORY

{¶2}     The Jackson County grand jury indicted Blackburn for rape in violation of R.C. 2907.02(A)(1)(c), a first-degree felony, with a sexually violent predator specification; two counts of gross sexual imposition in violation of R.C. 2907.05(A)(5), fourth-degree

felonies; kidnapping in violation of R.C. 2905.01(A)(2), a first-degree felony; kidnapping in violation of R.C. 2905.01(A)(5), a first-degree felony; obstructing justice in violation of R.C. 2921.32(A)(4), a fifth-degree felony; and obstructing official business in violation of R.C. 2921.31(A), a fifth-degree felony. He pleaded not guilty and the matter proceeded to a jury trial.

{¶3} In *State v. Blackburn*, 4th Dist. Jackson No. 18CA3, 2020-Ohio-1084, we set forth a detailed recitation of the evidence presented at trial. For purposes of this appeal, only a brief summary is necessary. The state presented evidence that on April 3, 2016, a mother and her daughter were living with Blackburn, and the mother called 911 to report a problem with a "child molester." The mother told the dispatcher that she had seen Blackburn naked and exiting her 33-year-old autistic daughter's bedroom. The mother also saw a vibrator and her daughter naked. The mother gave similar information to paramedics, medical personnel, and law enforcement. But later the mother, who admitted to having had a sexual relationship with and loving Blackburn, changed her story in ways which suggested nothing inappropriate had occurred. However, a medical examination of the daughter revealed redness just inside the opening of her vagina and that her hymen was not present, suggesting vaginal penetration had occurred at some point in time. In addition, there was a DNA profile on the daughter's underwear and handle of the vibrator consistent with that of Blackburn and a DNA profile on the tip of the vibrator consistent with that of the daughter.

{¶4} The state presented evidence that when the Jackson County Sheriff's Office submitted the case to the county prosecutor's office, the prosecutor's office told deputies they needed to get documentation of the daughter's mental capacity because it was "an

element of the offense." *See generally* R.C. 2907.02(A)(1)(c) (rape under that subsection requires proof that "[t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age").  "The state additionally presented evidence that, after investigators sought to have the [daughter's] mental capacity evaluated, [Blackburn], mother and the [daughter] went to Kentucky.  The state's witnesses suggested that [Blackburn] took the [daughter] out of the state in order to prevent her from being evaluated, but mother claimed they simply went on a vacation and mother intended to take the [daughter] to be evaluated the afternoon of their return home."  *Blackburn* at ¶ 25.

{¶5}  The jury found Blackburn not guilty of kidnapping in violation of R.C. 2905.01(A)(2) but guilty of the remaining charges and specification. In sentencing Blackburn, the trial court merged the rape count and one of the gross sexual imposition counts, and the state elected to proceed to sentencing on the rape count. The court merged the obstructing justice and obstructing official business counts, and the state elected to proceed to sentencing on the obstructing justice count.  The court determined that the R.C. 2905.01(A)(5) kidnapping count did not merge with the obstructing justice or obstructing official business counts. The court sentenced Blackburn to serve the following consecutive prison terms:  a mandatory 11 years to life for rape, 18 months for gross sexual imposition, 11 years for kidnapping, and 12 months for obstructing justice.

{¶6}  On appeal, we affirmed in part and reversed in part the trial court's judgment.  *Blackburn*, 4th Dist. Jackson No. 18CA3, 2020-Ohio-1084.  Relevant here, we reversed the obstructing justice conviction and remanded for resentencing on the merged count of obstructing official business.  *Id.* at ¶ 70.  We overruled Blackburn's assignment

of error asserting that the trial court erred by determining that the kidnapping count did not merge with the obstructing justice and obstructing official business counts on the ground that a "merger analysis would be inappropriate and premature" until the trial court sentenced him for obstructing official business. *Id.* at ¶ 65, 70-71. On remand, the trial court determined that the kidnapping and obstructing official business counts did not merge and resentenced Blackburn. This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶7} Blackburn assigns one error for our review: "The trial court erred to the prejudice of Mr. Blackburn by failing to merge allied offenses of similar import at the time of sentencing."

## III. ALLIED OFFENSES OF SIMILAR IMPORT

{¶8} In his sole assignment of error, Blackburn asserts that the trial court erred when it failed to merge allied offenses of similar import at sentencing, i.e., kidnapping and obstructing official business.

### A. General Principles and Standard of Review

{¶9} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." "This protection applies to Ohio citizens through the Fourteenth Amendment to the United States Constitution * * * and is additionally guaranteed by the Ohio Constitution, Article I, Section 10." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. "This constitutional protection prohibits multiple punishments in a single trial for the same conduct in the absence of a clear indication of contrary legislative intent." *State v. Fannon*, 2018-Ohio-5242, 117 N.E.3d

10, ¶ 129 (4th Dist.), citing *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

{¶10} "The General Assembly enacted R.C. 2941.25 to identify when a court may impose multiple punishments[.]" *Id.* at ¶ 130. R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶11} The sentencing court has a mandatory duty to merge allied offenses. *State v. Stapleton*, 4th Dist. Pickaway No. 19CA7, 2020-Ohio-4479, ¶ 50. However, the defendant has the burden to establish that R.C. 2941.25 prohibits multiple punishments. *Id.* at ¶ 52. "We apply a de novo standard to review a trial court's determination of whether offenses constitute allied offenses of similar import requiring merger under R.C. 2941.25." *Fannon* at ¶ 131, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶12} "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at paragraph one of the syllabus. "Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus. "Under R.C. 2941.25(B), a defendant

whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.* at paragraph three of the syllabus.

### B.  Relevant Statutes

{¶18}  R.C. 2905.01(A)(5), the statute on kidnapping, states:

(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

* * *

(5) To hinder, impede, or obstruct a function of government, or to force any action or concession on the part of governmental authority[.]

{¶19}  R.C. 2921.31, the statute on obstructing official business, states:

(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

(B) Whoever violates this section is guilty of obstructing official business. Except as otherwise provided in this division, obstructing official business is a misdemeanor of the second degree.  If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree.

" 'Public official' means any elected or appointed officer, or employee, or agent of the state or any political subdivision, whether in a temporary or permanent capacity, and includes, but is not limited to, legislators, judges, and law enforcement officers."  R.C. 2921.01(A).

## C. Analysis

**{¶20}** Blackburn maintains that the kidnapping and obstructing official business offenses must merge because "[t]he crimes are similar and did not cause separate harm, the offenses were not committed separately, and they were not committed with separate animus or motivation." He asserts that R.C. 2905.01(A)(5) and R.C. 2921.31(A) are "similar and, in some places use[ ] identical language." He asserts that both statutes "require [him] to do something that would hamper or impede the investigation of law enforcement into the abuse allegations." He claims both offenses arose from and were completed with the "singular action" of removing the daughter from her home to prevent the mental capacity evaluation from being completed.

**{¶21}** Blackburn has failed in his burden to show that the trial court should have merged the kidnapping and obstructing official business offenses. The offenses involve separate victims. With regard to the kidnapping offense, the daughter is the victim. She is the individual whom Blackburn removed from her home with purpose to hinder, impede, or obstruct a function of government. Blackburn did not have to succeed in that purpose to commit the offense. With regard to the obstructing official business offense, the victim is the public. Obstructing official business falls under R.C. Chapter 2921, which "criminalizes offenses committed against justice and public administration." *State v. Steele*, 138 Ohio St.3d 1, 2013-Ohio-2470, 3 N.E.3d 135, ¶ 18. "R.C. Chapter 2921 was separately enacted within Ohio's criminal code to focus on the special societal ills created by improper interference in the administration of justice or the discharge of a public duty." *Id.* Although Blackburn's obstructing official business offense was a fifth-degree felony because the jury found that he created a *risk* of physical harm to the daughter, *see* R.C.

2921.31(B), the public suffered *actual harm* because Blackburn hampered or impeded a public official in the performance of the public official's lawful duties.  Because the offenses involve separate victims,[1] they are offenses of dissimilar import and not subject to merger, and it is unnecessary for us to also consider whether the offenses were committed separately or with separate animus.  Accordingly, we overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

---

[1] We note that throughout our decision in *State v. Blackburn*, 4th Dist. Jackson No. 18CA3, 2020-Ohio-1084, we used the term "victim" to refer to the daughter.  However, in doing so, we were not resolving the issue of who the victim of any of Blackburn's offenses was for purposes of a merger analysis.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the JACKSON COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**