[Cite as *State v. Dixon*, 2022-Ohio-2219.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210614 |
| | | TRIAL NO. B-2003015A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JALIL SAHEID DIXON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: June 29, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Jalil Saheid Dixon appeals his sentences, after his guilty pleas, for one count of discharging a firearm upon or over a public highway and one count of aggravated assault with a one-year gun specification. In one assignment of error, Dixon contends that the trial court erred by failing to merge his convictions for sentencing. Finding no merit to his assignment of error, we affirm the judgment of the trial court.

## Factual Background

{¶2} Dixon pled guilty to one count of discharging a firearm upon or over a public highway and one count of aggravated assault with a one-year gun specification. Dixon admitted that after he was struck by a car, he obtained a gun and fired multiple shots at that car that hit him. No one was injured. The trial court sentenced Dixon to a 36-month term of incarceration for discharging the firearm, an 18-month term for the aggravated assault, and a 12-month term for the gun specification to be served prior and consecutive to the 18-month term. The two terms were ordered to be served consecutively, for an aggregate sentence of 66 months.

## Standard of Review

{¶3} In his first assignment of error, Dixon argues that the trial court erred by failing to merge the offenses for purposes of sentencing. An appellate court applies a de novo standard of review in reviewing a trial court's R.C. 2941.25 merger determination. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

## Law and Analysis

{¶4} Under R.C. 2941.25, a trial court must merge offenses if the conduct of the defendant can be construed to constitute two or more allied offenses of a similar import, and this conduct shows that the offenses were not committed separately or with a separate animus. *See State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 74. The determination of whether offenses are allied contemplates "three separate factors – the conduct, the animus, and the import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus.

{¶5} Offenses of dissimilar import exist when the conduct involves separate victims or if the resulting harm is separate and identifiable. *Id.* at paragraph two of the syllabus. Separate convictions are permitted for allied offenses if the offenses were (1) dissimilar in import or significance, (2) committed separately, or (3) committed with a separate animus or motivation. *Id.* at paragraph three of the syllabus. A reviewing court may end its analysis upon finding that any one of the three applies. *Bailey* at ¶ 83.

{¶6} "[W]hen the defendant's conduct put more than one individual at risk, that conduct could support multiple convictions because the offenses were of dissimilar import." *Ruff* at ¶ 23. "[O]ffenses are not allied offenses of similar import if they are not alike in their significance and their resulting harm." *Id.* at ¶ 21.

{¶7} Dixon contends that the offenses should have merged because there was only one victim, a single harm, and one animus.

{¶8} Firing multiple shots in rapid succession across the road at a targeted victim constitutes separate offenses because they are not of similar import. *See State v. Williams*, 2d Dist. Montgomery No. 27663, 2018-Ohio-1647, ¶ 23; *State v. Williams*, 2015-Ohio-4987, 132 N.E.3d 1233, ¶ 47-49 (8th Dist.). "The victim of the offense of

discharging a firearm upon or over a public road or highway is the public. This is because it is the act itself that is prohibited. The offense can be completed with no one remotely near the location where the firearm is discharged upon or over the public road or highway. R.C. 2923.162(A)(3) is a statute intended to benefit the public good[.]" *Williams* at ¶ 24, quoting *State v. James*, 2015-Ohio-4987, 53 N.E.3d 770 (8th Dist.). The victim of the aggravated-assault conviction was the driver of the car.

{¶9} The two offenses were of dissimilar import because they involved multiple victims. Accordingly, the trial court did not err in not merging the two offenses, and we overrule the assignment of error.

### Conclusion

{¶10} Having overruled Dixon's sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.