[Cite as *State v. Goins*, 2024-Ohio-1559.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DONALD GOINS, JR. | : | Case No. CT 2023-0055 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the County Court, Case No. CRB2300317(A), (B), and (C)


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      April 23, 2024


APPEARANCES:

For Plaintiff-Appellee

JOHN CONNOR DEVER
27 North Fifth Street
P.O. Box 189
Zanesville, OH  43702

For Defendant-Appellant

W. JEFFREY MOORE
33 South Grant Avenue
Columbus, OH  45662

*King, J.*

{¶ 1}   Defendant-Appellant, Donald Goins, Jr., appeals his June 30, 2023 sentence by the Court of Common Pleas of Muskingum County, Ohio. Plaintiff-Appellee is the state of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 30, 2023, Goins pled guilty to one count of violating a protection order in violation of R.C. 2919.27, one count of domestic violence in violation of R.C. 2919.25, and one count of aggravated menacing in violation of R.C. 2903.21. The charges arose from text messages sent by Goins to a woman he was involved with in a long-term relationship.

{¶ 3}   By sentencing entry filed June 30, 2023, the trial court sentenced Goins to ten days for violating the protection order, ten days for the domestic violence, and thirty days for the aggravated menacing, to be served consecutively for a total sentence of fifty days.

{¶ 4}   Goins filed an appeal with the following assignment of error:

I

{¶ 5}   "THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO CONSECUTIVE SENTENCES FOR DOMESTIC VIOLENCE AND AGGRAVATED MENACING PURSUANT TO THE MERGER DOCTRINE. ADDITIONALLY, APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO RAISE A DOUBLE JEOPARDY ARGUMENT AT SENTENCING."

I

{¶ 6} In his sole assignment of error, Goins claims the trial court erred in sentencing him to consecutive sentences on the domestic violence and aggravated menacing counts under the merger doctrine. He further claims his counsel was ineffective for failing to raise a double jeopardy argument at sentencing. We disagree with Goins's arguments.

{¶ 7} Appellate review of an allied-offense question is de novo. *State v. Miku*, 5th Dist. Stark No. 2017 CA 00057, 2018-Ohio-1584, ¶ 70, *appeal not allowed,* 154 Ohio St.3d 1479, 2019-Ohio-173, 114 N.E.3d 1207 (2019), quoting *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12.

{¶ 8} We note Goins did not object to his sentence during the sentencing hearing. As held by the Supreme Court of Ohio in *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3:

> An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

{¶ 9}   R.C. 2941.25 governs multiple counts and protects a defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} As held by the Supreme Court of Ohio in *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25:

> A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed?  If any of the following is true, the offenses cannot merge and the defendant may be convicted and

sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.

{¶ 11} "An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *Id.* at ¶ 31.

{¶ 12} Goins was convicted of domestic violence in violation of R.C. 2919.25(C) which states: "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." He was also convicted of aggravated menacing in violation of R.C. 2903.21(A) which states in part: "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶ 13} Goins argues his convictions for domestic violence and aggravated menacing are offenses of similar import because the commission of domestic violence is "essentially" the commission of aggravated menacing. Appellant's Brief at 9. He argues for domestic violence the state was required to prove *"he knowingly caused the victim to believe he would cause imminent harm to her"*; for aggravated menacing the state was required to prove he *"knowingly caused the victim to believe that he would cause serious physical harm to her."* (Emphasis sic.) *Id.* What Goins leaves out is aggravated menacing also includes knowingly causing another to believe that the offender will cause serious physical harm to the "property of the other person."

{¶ 14} Admittedly, the facts of the charges are not clear as the transcript references of what the prosecutor and defense counsel said are "INAUDIBLE" at times. But we are able to ascertain that: 1) the victim feared Goins; 2) she was scared he would do her substantial physical harm; 3) Goins sent her threatening text messages (more than one); 4) he threatened to harm the victim; and 5) he threatened to burn her property. June 30, 2023 T. at 8-9.

{¶ 15} As explained in *Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 26: "[A] defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." We find Goins's conduct resulted in separate and identifiable harm: threatening text messages to harm her to support the offense of domestic violence and threatening text messages to harm her property to support the offense of aggravated menacing. Because we answer in the affirmative that the "offenses are dissimilar in import or significance" under *Ruff,* the offenses cannot merge.

{¶ 16} We have reviewed the cases cited by Goins in support of his argument to merge the offenses of domestic violence and aggravated menacing and find them to be distinguishable. *State v. Pate,* 1st Dist. Hamilton Nos. C-130109, C-130110, C-130112, 2013-Ohio-3470, ¶ 10 (state relied upon the same conduct, threatening victim with a gun, to support both offenses); *State v. Jones,* 6th Dist. Lucas No. L-20-1060, 2020-Ohio-5477, ¶ 8 (both charges arose out of a single event threatening the victim with harm causing her to be afraid for her safety); *Ohio v. Hill,* 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, ¶ 3 (state agreed on merger based on the facts).

{¶ 17} Because Goins has failed to demonstrate plain error, we find he has not shown prejudice by his counsel's failure to object at the time of sentencing.  We find no reasonable probability that the result would have been different if counsel had raised the merger issue.  Accordingly, we find no merit to Goins's ineffective assistance of counsel claim.

{¶ 18} Upon review, we find the offenses were committed separately and the record does not reflect plain error nor ineffective assistance of counsel.  The trial court did not err in sentencing Goins to consecutive sentences as R.C. 2941.25 does not apply in this case.

{¶ 19} The judgment of the County Court of Muskingum County, Ohio is hereby affirmed.

By King, J.

Gwin, P.J. and

Baldwin, J. concur.