[Cite as *State v. Largent*, 2026-Ohio-1689.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0109 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0127 |
| KENDRA LARGENT, | Judgment:   Reversed and Remanded |
| Defendant - Appellant | Date of Judgment Entry: May 8, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; William B. Hoffman, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

*Baldwin, J.*

{¶1}   The appellant, Kendra Largent, appeals her sentence following a jury trial in which she was found guilty of 17 counts of theft and 17 counts of receiving stolen property. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}   On February 12, 2025, the appellant was indicted on 17 counts of Theft in violation of R.C. 2913.02(A)(1), 17 counts of Receiving Stolen Property in violation of R.C. 2913.51(A), and one count of Illegal use of SNAP Benefits in violation of 2913.46(B)(1) in connection with the taking of a purse from a local store that contained a wallet  in which seventeen separate credit cards and a SNAP card were found. The appellant pleaded not guilty to all charges at her February 19, 2025, arraignment.

{¶3}   The appellee subsequently dismissed the Illegal Use of SNAP Benefits charge. On August 12, 2025, the matter proceeded to a jury trial on the 17 Theft charges and the 17 Receiving Stolen Property charges. The jury found the appellant guilty on all counts.

{¶4}   The trial court ordered a presentence investigation, and the sentencing hearing proceeded on September 29, 2025. The appellee conceded that the Theft charges should merge with the Receiving Stolen Property charges, and elected to have the court sentence the appellant on counts 18 - 34, which were the Receiving Stolen Property charges.   The trial court sentenced the appellant to 12 months in prison on count 18 and 12 months in prison on counts 19 – 34, and ordered the sentences to run consecutively for a total aggregate sentence of 24 months.

{¶5}   The appellant filed a timely appeal in which she sets forth the following sole assignment of error:

{¶6}   "I. THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE ALL OF LARGENT'S CONVICTIONS FOR RECEIVING STOLEN PROPERTY RESULTING IN A PREJUDICIAL SENTENCE THAT IS TWICE AS LONG AS LAWFULLY ALLOWED."

{¶7}   The appellee concurs with the appellant's Statement of Facts, proffers no argument contra, and asks that the matter be remanded for resentencing. For the reasons that follow we reverse and remand the matter to the trial court for resentencing.

**STANDARD OF REVIEW**

{¶8}   Appellate review of an allied-offense question is de novo. *State v. Miku*, 2018-Ohio-1584, ¶ 70 (5th Dist.), appeal not allowed, 2019-Ohio-173, citing *State v. Williams*, 2012-Ohio-5699, ¶ 12.

**ANALYSIS**

**{¶9}** R.C. 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions by prohibiting convictions of allied offenses of similar import:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶10}** The application of R.C. 2941.25 requires a review of the subjective facts of the case in addition to the elements of the offenses charged. *State v. Hughes*, 2016-Ohio-880, ¶ 22 (5th Dist.). The Ohio Supreme Court, in a plurality opinion, modified the test for determining whether offenses are allied offenses of similar import. *State v. Johnson*, 2010-Ohio-6314. The Court directed lower courts to look at the elements of the offenses in question and determine "whether it is possible to commit one offense and the other with the same conduct." *Id*. at ¶ 48. If the answer is in the affirmative, the court must then determine whether the offenses were committed by the same conduct. *Id*. at ¶ 49. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id*. at ¶ 50. If, however, the court determines that

commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge. *Id*. at ¶ 51.

{¶11} *Johnson's* rationale has been described by the Court as "incomplete." *State v. Earley*, 2015-Ohio-4615, ¶ 11. The Ohio Supreme Court has further instructed courts to ask three questions when considering whether a defendant's conduct supports multiple offenses: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff*, 2015-Ohio-995, ¶31.

{¶12} In this case, the appellant was found guilty of 17 counts of Theft in violation of R.C. 2913.02(A)(1), and 17 counts of Receiving Stolen Property in violation of R.C. 2913.51(A). During sentencing the appellee conceded that the Theft counts merged with the Receiving Stolen Property counts and elected to have the appellant sentenced on the 17 Receiving Stolen Property convictions.

{¶13} R.C. 2913.51 addresses receiving stolen property, and states in pertinent part:

(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

\*     \*     \*

(C) Whoever violates this section is guilty of receiving stolen property. Except as otherwise provided in this division or division (D) of this section, receiving stolen property is a misdemeanor of the first degree.

> If the value of the property involved is one thousand dollars or more and is less than seven thousand five hundred dollars, if [sic] the property involved is any of the property listed in section 2913.71 of the Revised Code, receiving stolen property is a felony of the fifth degree….

R.C. 2913.71 provides that "[r]egardless of the value of the property involved and regardless of whether the offender previously has been convicted of a theft offense, a violation of section 2913.02 or 2913.51 of the Revised Code is a felony of the fifth degree if the property involved" is a credit card. R.C. 2913.71 (A). Thus, because the items at issue were credit cards, the 17 counts on which the appellant was to be sentenced were felonies of the fifth degree. R.C. 2929.14(A)(5) provides that "[f]or a felony of the fifth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months."

**{¶14}** The trial court sentenced the appellant to the maximum sentence of 12 months on each of the 17 receiving stolen property counts – that is, on counts 18 through 34. The court then ordered that count 18 be served consecutively with counts 19 - 34. However, each of the 17 counts for which the appellant was being sentenced stemmed from the singular act of taking the victim's wallet. There is no evidence that the appellant treated any of the credit cards differently, or that they were removed from the wallet, and we find nothing in the record that distinguishes count 18 from counts 19 - 34. Accordingly, we find that counts 18 – 34 each arose from the same animus, and should therefore all have merged for the purposes of sentencing. We therefore find the appellant's sole assignment of error to be well taken.

## CONCLUSION

{¶15} Based upon the foregoing, we find the appellant's sole assignment of error to be well taken, and reverse and remand this matter to the Muskingum County Court of Common Pleas for re-sentencing consistent with this opinion.

{¶16} Costs to appellee.

By: Baldwin, J.

King, P.J. and

Hoffman, J. concur.