[Cite as *State v. Huber*, 2023-Ohio-1658.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

THOMAS L. HUBER

    Appellant

C.A. No.    30415

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 22 02 0482

DECISION AND JOURNAL ENTRY

Dated: May 17, 2023

HENSAL, Presiding Judge.

{¶1} Thomas Huber appeals his sentences for domestic violence and gross sexual imposition from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} The Grand Jury indicted Mr. Huber on one count of domestic violence and one count of attempted rape. After the State amended the attempted rape count to gross sexual imposition, Mr. Huber agreed to plead guilty to the offenses. Following the preparation of a pre-sentence investigation report, the State requested that the trial court sentence Mr. Huber to three years of imprisonment. Mr. Huber requested that the court consider community control instead. Following a review of the sentencing factors, the court sentenced Mr. Huber to 30 months on both counts, which it ordered to run concurrently. Mr. Huber has appealed his sentences, assigning two errors.

II.

ASSIGNMENT OF ERROR I

TRIAL COURT IMPOSING A PRISON SENTENCE ON MR. HUBER WAS CONTRARY TO LAW AND IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 2 OF THE OHIO CONSTITUTION.

{¶3}    In his first assignment of error, Mr. Huber argues that his sentences are contrary to law and violate his right to due process.  In reviewing a felony sentence, "[t]he * * * standard for review is not whether the sentencing court abused its discretion."  R.C. 2953.08(G)(2).  "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that:  (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶4}    According to Mr. Huber, his sentences are contrary to law because his presentence report indicates he was amenable to a community control sanction.  He argues that he took responsibility for his conduct, was remorseful, was employed, did not have a serious felony record, had not had any criminal offenses for a lengthy period, and committed the offenses while he was grieving his recently deceased father and while off his medication for bi-polar disorder.  Mr. Huber argues that these factors suggest that there is little likelihood that he will commit a similar offense in the future.

{¶5}    When reviewing a felony sentence, this Court does not conduct a plenary review of the sentencing and may not substitute its "judgment for that of the trial court regarding the appropriate sentences * * * under R.C. 2929.11 and 2929.12."  *State v. Jones*, 163 Ohio St.3d 242,

2020-Ohio-6729, ¶ 41. At sentencing, the trial court noted the level of the charges and the fact that it was Mr. Huber's third domestic violence offense. It noted that Mr. Huber had violated protection orders two times. It also noted that courts in the past had tried placing Mr. Huber in various programs, but Mr. Huber was back in court on a serious offense, nonetheless. The court also considered the trauma that Mr. Huber's wife had endured, which included bruising, emotional harm, and economic harm. The court further noted that Mr. Huber's relationship with his wife had facilitated the offense.

{¶6} Upon review of the record, this Court concludes that Mr. Huber has not established by clear and convincing evidence that the trial court's sentence was contrary to law or violated his due process rights. Mr. Huber's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

MR. HUBER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 1, 10 & 16 OF THE OHIO CONSTITUTION. THE TRIAL COURT ERRED AS A MATTER OF LAW IN SENTENCING MR. HUBER IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE 5TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION[ ] 10 OF THE OHIO CONSTITUTION.

{¶7} In his second assignment of error, Mr. Huber argues that his offenses were allied and should have merged for sentencing purposes because they were committed with the same conduct and part of a single continuous act. He also argues that his trial counsel was ineffective for not arguing that the offenses were allied at the sentencing hearing.

{¶8} Section 2941.25 "is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct" and is "an attempt to codify the judicial doctrine of merger[.]" *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 11. It provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Ohio Supreme Court interpreted Section 2941.25(B), explaining:

Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id*. at paragraph three of the syllabus. When determining whether offenses merge under Section 2941.25, this Court ordinarily applies a de novo standard of review. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 12. If a defendant does not raise allied offenses at sentencing, however, he "forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. In that situation, it is an appellant's "burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id*.

{¶9} Regarding ineffective assistance of counsel, to prevail on his claim, Mr. Huber must establish (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for his counsel's deficient performance the result of the trial would have been different. *Strickland*

*v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below "an objective standard of reasonable representation." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). To establish prejudice, Mr. Huber must show that there existed "a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different." *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶10} Few details about the circumstances of the offenses were discussed at the plea and sentencing hearings. According to the pre-sentence investigation report, however, Mr. Huber's wife told law enforcement that, after they had an argument in their bedroom over sex, Mr. Huber ripped her shirt off. She put on a different shirt and went to the garage, but Mr. Huber followed her, they had another argument, and Mr. Huber ripped her shirt and bra off. He also struck her face. She managed to leave the house and went to a nearby gas station to call for help. According to Mr. Huber's statement, he removed a total of three different shirts from his wife, but he denied striking her on the face.

{¶11} The gross sexual imposition offense was, presumably, related to Mr. Huber's removal of his wife's shirts. According to her report to law enforcement, this occurred in the bedroom of their house and again later in the garage. She described what happened when Mr. Huber came into the garage as another verbal argument, suggesting that it was not merely a continuation of the original one. Accordingly, upon review of the record, this Court concludes that Mr. Huber has not established that it was plain error to sentence him on both counts. He also

has not demonstrated that his trial counsel's performance was deficient for failing to argue that the offenses were allied at the sentencing hearing. Thus, he has not demonstrated ineffective assistance of counsel. Mr. Huber's second assignment of error is overruled.

## III.

**{¶12}** Mr. Huber's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
STEVENSON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

JAMES K. REED, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.